UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKEY L. ALFORD – MORRIS DAY,

                            Plaintiff,

            -against-

JOEL EMBIID, et al.,

                            Defendants.

19-CV-0666 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the California Men's Colony State Prison, in San Luis

Obispo, California, brings this action *pro se*. Plaintiff seeks to proceed *in forma pauperis*

("IFP"). He is barred, however, from filing any new federal civil action IFP while he is a

prisoner. *See Alford v. Ham*, No. 06-CV-4195, 2007 WL 1287891 (N.D. Ca. May 1, 2007). The

order cited recognized that Plaintiff is barred under 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff does not allege any facts showing that he is under imminent danger of serious

physical injury.[1] Instead, Plaintiff sues professional basketball player Joel Embiid, the

Philadelphia 76ers, the "NBA Commissioners," and "ESPN Cable T.V.," and asserts that the

defendants are racist individuals and institutions. Because Plaintiff's allegations do not

demonstrate that he is under imminent danger of serious physical injury, Section 1915(g) bars

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Plaintiff from bringing this action IFP. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's IFP application (ECF 1), and dismisses this action without prejudice.[2] 28 U.S.C. § 1915(g). The Court reminds Plaintiff that he remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    August 13, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).